UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY KENNEMER,<br><br>              Plaintiff,<br><br>   v.<br><br>CLAYNE TYLER,<br><br>              Defendant. | Case No. 3:25-cv-00032-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Kelly Kennemer, an inmate in the Clearwater County Jail, is proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

      Plaintiff has now filed an Amended Complaint. Dkt. 9. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

      Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case without prejudice.

1.      **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl*. at 5. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr*., Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be

granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.    Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. *Am. Compl.* at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th

Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 1576 U.S. 389, 396 (2015).

The Court explained in the Initial Review Order that Plaintiff's claims—which challenge the state court criminal proceedings against him—appeared to be barred either by *Younger v. Harris*, 401 U.S. 37 (1971) (if the charges remained pending), or *Heck v. Humphrey*, 512 U.S. 477 (1994) (if Plaintiff had been convicted of the charges). *Initial Review Order* at 4–6. The Court has confirmed, via the iCourt database, that the criminal case Plaintiff challenges in this action remains pending, with a trial date set in September 2025. *See State v. Kennemer*, Clearwater County Case No. CR-18-22-0753, https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0, (accessed Aug. 5, 2025).

Plaintiff renews his claims that the prosecutor in Plaintiff's state criminal case permitted false documentary and testimonial evidence to be presented in court. *Am. Compl.* at 2–4. In *Younger*, the Supreme Court held that a federal court cannot entertain an action challenging ongoing criminal proceedings unless "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." 401 U.S. at 46. To show that *Younger* abstention is inappropriate, Plaintiff must establish that irreparable injury is both "great and immediate," that the state proceeding is "flagrantly and patently violative of express constitutional prohibitions," or that "bad faith, harassment, or any other unusual circumstances" exist. *Id.* at 46, 53–54.

The Amended Complaint does not set forth any such circumstances. Accordingly, this Court must abstain from hearing this civil rights action under the *Younger* doctrine because it complains of actions taken by the county prosecutor in the pending state criminal case against Plaintiff.

**4.    Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to show that his claim can be heard under *Younger*, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Consider Review of the Amended Complaint (Dkt. 8) is GRANTED.

2. Plaintiff's claims are barred by the doctrine announced in *Younger v. Harris*. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3.   Because Plaintiff has already been granted in forma pauperis status, his most recent Application for in Forma Pauperis Status (Dkt. 10) is MOOT.

DATED: August 5, 2025

_____
B. Lynn Winmill
U.S. District Court Judge